Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| | | |
|---|---|---|
| LERYNITZA MÉNDEZ ROSADO<br><br>Demandante Recurrida<br><br>v.<br><br>GIL ANTONIO MERCADO NIEVES<br><br>Demandado Peticionario | TA2026CE00572 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DDI2013-0183 Sala: 4002<br><br>Sobre: Ruptura Irreparable |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de mayo de 2026.

Comparece el señor Gil Antonio Mercado Nieves vía *certiorari* y solicita que revoquemos la Orden del Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón, emitida el 4 de mayo de 2026. En dicho dictamen, se resolvió sin lugar a la solicitud de reconsideración de la parte peticionaria. Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari* junto al auxilio de jurisdicción que le acompaña.

En apretada síntesis, el 20 de marzo de 2026, la parte recurrida presentó un *Desacato con Pago de Plan Médico; Conversión de Pensión Alimentaria de Menor y Aumento a Alimentos para Hija Adulta Discapacitada; Fijar Pensión Excónyuge y Sobre Derecho a Hogar Seguro*. Según alega el peticionario, el 26 de marzo de 2026, el

Tribunal recurrido emitió una *Orden* para conceder un término de veinte (20) días para que la parte peticionaria se expresara en torno a los planteamientos formulados; *Orden* que alega no haber recibido.

Ante esto, el 20 de abril de 2026, la representación legal del peticionario asumió el caso mediante *Moción Urgente Asumiendo Representación y Solicitud de Prórroga para Replicar*. El Tribunal recurrido denegó la prórroga solicitada y señaló vista probatoria para el 13 de mayo de 2026. Ordenó que (1) las partes se reunieran en diez (10) días para minimizar las controversias y alcanzar un acuerdo, y que (2) presentaran una moción conjunta con los acuerdos alcanzados y las controversias que queden pendientes. El 1 de mayo de 2026, el peticionario solicitó reconsideración que fue resuelta sin lugar.

Insatisfecho, el peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al declarar sin lugar la solicitud de reconsideración y mantener el señalamiento de vista en contravención de los principios del debido proceso de ley. Resolvemos aún sin el beneficio de la parte contraria y considerando el escrito presentado en su mejor luz.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009, *supra*, como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones, *supra*. Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma

constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. *In re Collazo I,* 159 DPR 141 (2003). El funcionamiento efectivo de nuestro sistema judicial y la más rápida disposición de los asuntos litigiosos requieren que nuestros jueces de instancia tengan gran flexibilidad y discreción para trabajar con el diario manejo y tramitación de los asuntos judiciales. Íd.; *Pueblo v. Vega, Jiménez*, 121 DPR 282 (1988). En tal sentido, procede que este Tribunal de Apelaciones se abstenga de intervenir con el manejo del caso efectuado por el Tribunal de Primera Instancia, salvo en presencia de prejuicio, parcialidad, craso abuso de discreción o error en la aplicación de una norma procesal o de derecho sustantivo. *Rivera y otros v. Banco Popular,* 152 DPR 140 (2000). Asimismo, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA. Ap. XXII-B, establece los "[c]riterios al determinar la expedición de un auto de certiorari" que debemos observar en estos casos.

En tal sentido, no advertimos que el Tribunal de Primera Instancia haya abusado de su discreción al denegar conceder una prórroga a la parte peticionaria. Sin embargo, no dejaría de llamar la atención que el foro de primera instancia pretenda articular una adjudicación solvente de las controversias en abstracción -si resulta correcto lo que el Peticionario expone- de un descubrimiento amplio sobre la pléyade de temas involucrados en la moción de *Desacato con*

*Pago de Plan Médico; Conversión de Pensión Alimentaria de Menor y Aumento a Alimentos para Hija Adulta Discapacitada; Fijar Pensión Excónyuge y Sobre Derecho a Hogar Seguro*. Así también -e igual si lleva razón el Peticionario- en defecto de la reunión y delimitación de controversias o acuerdos ordenados por el propio Tribunal recurrido. Es decir, de ser estas las circunstancias, el Tribunal de Primera Instancia debería ponderar, el día de la vista, si el señalamiento permanecerá como probatoria o si, mas bien, procede tornar la vista en una para encausar el intercambio de evidencia, delimitar las controversias y explorar posibles acuerdos. Sobre todo, porque, en cualquier caso, la adjudicación de controversias con finalidad en condiciones no idóneas remitiría indefectiblemente a una apelación, con el riesgo de acabar desandando lo andado.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones